No. 595

**LENTZ v. LENTZ**

Ohio Appeals, 2nd Dist., Franklin County
Nos. 1165, 1169. May 19, 1924
Funk, Pardee and Washburn, JJ., sitting

461. EQUITY—A case in equity to set aside a decree is not stated unless the fraud alleged consisted of extrinsic acts collateral to the matter actually tried in the first court.

683. JURY—Party will be taken to have waived a jury unless demand is made in the term at which the case is tried.

PARDEE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

In the previous case, John J. Lentz, plaintiff, in this case, obtained a divorce from Alta F. Lentz, defendant in this case, and the decree ordered the husband to pay down $5,000 to the wife and thereafter $2,500 a year for four consecutive years, and the decree recited that the wife was to take none of the household furnishings and goods except her actual wearing apparel. The husband brought this action, alleging that before the decree was made in the previous case, the wife had secretly removed rugs, linens, silverware, etc., from the house, amounting in value to $7,500, and praying that the divorce decree be opened up and that plaintiff be credited with the value of the goods taken.

The Common Pleas found that plaintiff was entitled to the relief prayed for, and that plaintiff should be given credit for $2,800. Plaintiff appealed the case to the Appellate Court. Defendant prosecuted error, contending that the case should have been tried to a jury. The cases were heard together by the Court of Appeals, which held:

Plaintiff's appeal case is dismissed because this is not an action in equity to set aside a decree rendered in a court of law for the reason that the fraud practiced, if any, did not consist of extrinsic acts collateral to the matter actually tried. The petition declared a cause of action for conversion of plaintiff's goods, and the case is not appealable.

## STATE COURT OF APPEALS—Continued

This case was pending in the trial court during three terms. In each of the first and second terms defendant demanded a jury and her demand was denied by the court. In the docket and journal entries, there is no record of a demand being made in the third term, there being only a record of the hearing and decisions of the court. No bill of exceptions is filed. After considering the statutes and decisions of this state on the subject, this court holds that defendant waived a jury and submitted her case to the court for a trial upon its merits. There being no bill of exceptions, the judgment of the Common Pleas is presumed correct and is affirmed.

Attorneys—J. D. Karns and C. E. Belcher, for John J. Lentz; C. M. Addison, for Alta F. Lentz; all of Columbus.